[Crim. No. 4974. Second Dist., Div. Two. July 21, 1953.]

THE PEOPLE, Respondent, v. OTIS HOYT COONTZ, Appellant.

Austin Clapp for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appeal from conviction of a violation of section 288 of the Penal Code. As grounds for reversal appellant asserts the insufficiency of the evidence, errors in the admission of certain testimony, errors in refusing to give a requested instruction, and misconduct of the prosecuting attorney.

## EVIDENCE SUFFICIENT

The case was tried October 30, 1952. The evidence furnished abundant proof of appellant's guilt. He was a licensed medical doctor, age 36 at the time of the incident and enjoyed a fair practice in a respectable community in Los Angeles County. The prosecuting witness was a 13-year-old boy in the ninth grade. He will be referred to herein as Calvin. He first met appellant in November, 1951. On April 19, 1952, he called at the doctor's home to do some housework at the latter's suggestion. It was about 1 p. m. on a Saturday. He had begun to remove burs from a rug, when, because his eyes were watering, appellant directed him to lie down on a rug. As soon as a drug had been administered to the eyes, appellant covered them with tissue. Immediately the doctor pulled down the boy's jeans, fondled the latter's privates, embraced him and laid his hand on the organ of appellant. Some conversation ensued and appellant bit the witness and kissed him and caused him to have a consciousness of sexual feeling. Thereupon the doctor remarked about the work to be done and, as he left the room, Calvin continued to clean the rug. At his first opportunity he escaped through

a side door and down the hill to the neighboring filling station where he telephoned his parents. His father called for him and as soon as Calvin was in the parental automobile he related the story given in his testimony, the giving of which the father verified. As further proof of the crime of April 19th, Calvin was asked to tell of a previous visit to appellant's office when penicillin shots were injected into his hip. He testified that as that operation was performed the doctor's hand touched the private parts of his patient, "just brushed by them."

When Calvin's father arrived home he reported the experience of his son to the police. Officer Stonehouse testified that he set up a microphone in a radio cabinet in the corner of the father's living room and connected it with a wire leading into a rear bedroom where he had placed a tape recorder. By use of an ear-set monitor the conversation of Dr. Coontz and Calvin's father could be heard. The transcribed record of the conversation was played to the jury. It contained certain hesitancies and pauses following painful accusations, but no attempt to explain or deny Calvin's report.

There is nothing inherently improbable in Calvin's testimony. Appellant contends that the boy's testimony to the effect that appellant "was on the side of me or on top of me" was "something out of Barnum and Bailey"; that "there was no testimony that an emission had occurred." ▇ Such proof is not essential to a conviction for violating section 288. The only requirement is a touching with lustful intent. The assertion that Calvin's story is of an experience beyond the range of normal human experience is no argument to a reviewing court. ▇ The law lays upon the trial court the responsibility to find the facts of a controversy. Such finding will not be disturbed merely because the convicting testimony discloses unusual circumstances. ▇ To justify this court in excluding testimony of a witness who has been believed by a jury and the trial judge, the act of the accused must have been either physically impossible or the falsity of the testimony in proof of it "must be apparent without resorting to inferences or deductions." (*People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758]; *Back* v. *Farnsworth*, 25 Cal.App.2d 212, 219 [77 P.2d 295].) ▇ Neither contradicted testimony nor that whose verity is under justifiable suspicion will justify the reversal of a conviction. ▇ The determination of the credibility of a witness and of the truth

or falsity of the facts in issue are within the exclusive province of the trial court. (*Ibid.*)

 To warrant the reversal of a judgment on the ground of perjury, the testimony attacked must be such as to shock the moral sense of the court. (*Hicks* v. *Ocean Shore Railroad, Inc.,* 18 Cal.2d 773, 780 [117 P.2d 850].) If it fails to do so and its verity is suspected, the finding of the trial court is conclusive, except "in those rare cases where it obviously appears that the testimony upon which the conviction was had is in and of itself, or when considered in conjunction with the undisputed facts of the case, so inherently improbable as to be impossible of belief, and therefore must be considered to be in effect no evidence at all." (*People* v. *Von Perhacs,* 20 Cal. App. 48, 51 [127 P. 1048].) Such inherent improbability must plainly appear before "the reviewing court should assume the functions of the trial jury." (*People* v. *Lewis,* 18 Cal. App. 359, 364 [123 P. 232].) The revolting character of testimony does not prove that it was inherently improbable that the accused was guilty. (*People* v. *Carlson,* 73 Cal.App. 2d 933, 939 [167 P.2d 812].)

### No Prejudicial Error In Rulings

Calvin was asked: "Shortly after the first of the year, you say the doctor touched your privates?" Answer: "Yes, his hand just brushed by them." The incident occurred while the doctor was giving the boy penicillin shots. Both on direct and cross-examination the circumstances were explained. The testimony related to an act between the doctor and the complaining witness and was proper for the jury's consideration as indicating the intent of appellant at the time of the crime charged. (*People* v. *Peete,* 28 Cal.2d 306, 317 [169 P.2d 924].) By virtue of all the answers given with reference thereto, no prejudice could have resulted. Moreover, no reversal can be ordered by reason of a question concerning an event other than that under investigation in the absence of an objection and motions to strike the testimony and to instruct the jury to disregard it. Appellant's counsel not only caused the witness to enlarge upon his testimony, but argued it to the jury. He is deemed, therefore, to have waived all grounds for objection. An objection for the first time on appeal is too late. (*People* v. *McMonigle,* 29 Cal.2d 730, 743 [177 P.2d 745]; *People* v. *Agajanian,* 97 Cal.App.2d 399, 405 [218 P.2d 114].)

▉▉▉ It was not error to refuse to give appellant's offered instruction, CALJIC* No. 26, to wit:

"If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

"You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt."

His reason for offering CALJIC 26 is that the prosecution relied upon both Calvin's testimony and circumstances; "because of the inherent improbability of the boy's story the circumstantial evidence ceased to be merely incidental or corroborative and became vital."

The record contains nothing to indicate the State's reliance upon circumstances other than the time and place of the crime. Calvin's testimony was direct and was evidently the basis for conviction. In such event, proof of the circumstances was only incidental and corroborative of the testimony. Rejection of the offered instruction was therefore proper. (*People* v. *Savage,* 66 Cal.App.2d 237, 247 [152 P.2d 240].)

## No Misconduct of District Attorney

▉▉▉ Because the prosecuting attorney in the course of his argument played the recording of the conversation between appellant and Calvin's father, he is now accused of misconduct in that it gave undue influence and weight to the evidence. Nothing recorded of the conversation was denied by appellant. How then could it have caused prejudice by being played again? Also, no objection was interposed by appellant when the prosecutor called for the replaying of

---

*California Jury Instructions, Criminal.

the record. In his argument to the jury the prosecuting attorney may read any part of the testimony in the record. Because the conversation in the recording was "equivocal" is not a valid reason for excluding it during the argument. Its equivocality is the result of appellant's reactions when faced with the accusation of his own deed.

 Assignment is made of the act of the prosecutor in his argument in drawing inferences from the evidence. Such conduct is not prejudicial. It is the duty of counsel on the trial of any action to present to the jury his own deductions from the evidence. If he misstates any fact it is incumbent upon appellant to remark upon it to the court, and have the correct statement of the evidence made at the time. Failure to assign argument as prejudicial at the time it is made constitutes a waiver of objection thereto. (*People* v. *Ash,* 88 Cal.App.2d 819, 829 [199 P.2d 711].) The same principle applies to other arguments made to which no objection was made in open court.

The orders granting probation and denying the motion for a new trial are affirmed.

McComb, J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 20, 1953.

