[Crim. No. 8843.   Second Dist., Div. One.   Sept. 3, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RUDOLFO PRIETO VEJAR, Defendant and Appellant.

Elinor Chandler for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of furnishing heroin.

In an information filed in Los Angeles County on July 17, 1962, appellant with two codefendants was charged with furnishing heroin on June 7, 1962. Appellant was also charged with two prior convictions, each of which involved illegal narcotics. Each defendant pleaded not guilty and the prior convictions were denied. In a nonjury trial appellant was found guilty and the prior convictions were found to be true.

■■■ A résumé of some of the facts is as follows: On June 7, 1962, Glen Ridgway met and talked with officers Renteria and Iavelli at the East Los Angeles Sheriff's station. Ridgway was searched and found to have no narcotics in his possession. He was handed two $5.00 bills by the officers with which he was to attempt to make a purchase of narcotics. Ridgway got into his car and started toward the house of a person known as Phil. The officers followed in their car. Upon arriving in the neighborhood of Phil's residence, Ridgway met Vejar, the appellant herein, and inquired of him whether he had seen Phil. Vejar told Ridgway that he had not seen Phil for two weeks or so and Vejar further inquired of Ridgway as to where he was going. Ridgway indicated to Vejar that he was looking for Phil so that he could purchase some narcotics from him and asked Vejar if he, Vejar, could purchase narcotics and the answer was in the affirmative. Vejar got into Ridgway's automobile and they drove to Phil's house where Ridgway ascertained that Phil was not at home. Vejar directed Ridgway at that time to drive to a point on Downey Road. When they arrived at the designated location, Vejar asked for the money from Ridgway with which to purchase the heroin and Ridgway handed the money to him. Vejar then got out of Ridgway's car, absented himself for a few minutes, then returned with information to the effect that he could not make a purchase of narcotics at that point. Vejar thereupon directed Ridgway to a point on Floral Drive and upon seeing a parked car with Vejar's codefendants in it, Vejar called upon Ridgway to stop the Ridgway vehicle. Vejar said in effect that he could purchase narcotics from the persons in the parked automobile. Vejar got out of the Ridgway car and walked back to the codefendants' parked car, then returned to Ridgway's car and told Ridgway in effect that the purchase was to be made. Ridgway was then directed by Vejar to turn his car around and did so. Vejar sat in the Ridgway car for approximately 10 minutes whereupon the codefendants' car pulled up alongside the Ridgway

car. Rodriguez, a codefendant, stuck his hand out of the window of the car in which he was riding and handed Vejar a package wrapped in cellophane. The codefendants' car drove away and Vejar opened up the package which he had received from Rodriguez; it contained 5 capsules. Vejar took 2 of such capsules for himself and gave the remaining 3 capsules to Ridgway. The capsules contained heroin. Ridgway took Vejar to a handball court and then went to Eastern and Whittier where he met the officers and delivered over to them the narcotics which Vejar had delivered to him.

The officers had attempted to follow Ridgway but apparently on occasions Ridgway was out of their sight. They did, however, see Vejar and Ridgway in Ridgway's car. Vejar and his codefendants were arrested on June 26, 1962. No evidence or testimony was presented in behalf of the appellant or either of the codefendants.

Appellant after misstating the facts asserts: "It was error to find the defendant Vejar guilty on the testimony of an informant without corroboration of same especially when he has been proved a liar on cross-examination," and further that "it was prejudicial error for the defense counsel to not cross-examine the police officer on his testimony and such error denied the defendant a fair trial."

Appellant insists that because of some inconsistencies in the testimony of Ridgway that he is a "proven liar" and therefore should not be believed in any respect. It is the duty and the responsibility of the trial judge to determine the credibility of the witnesses and the truth or falsity of their testimony (*People* v. *Coontz*, 119 Cal.App.2d 276, 279-280 [259 P.2d 694]). Here, the trier of fact believed Ridgway.

Appellant did not testify as heretofore indicated and his failure "to deny or explain evidence presented against him, when it is in his power to do so, may be considered by the jury as tending to indicate the truth of such evidence, and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable. . . ." (*People* v. *Adamson*, 27 Cal.2d 478, 489 [165 P.2d 3].)

Appellant further charges that Ridgway was an accomplice under Penal Code, section 1111. He was no more an accomplice than a plainclothes policeman would be, doing the same thing as Ridgway was doing. One who is acting under the direction of the officers as did Ridgway, without criminal intent, and who feigns complicity in a crime merely

to detect the perpetrator with a view to prosecution is not an accomplice. (*People* v. *Piascik,* 159 Cal.App.2d 622, 627 [323 P.2d 1032].)

■ Appellant further contends that the evidence is inherently improbable and therefore is not to be believed. A recitation of the facts as heretofore set forth belies any such contention.

■ The claim of the supposed failure of appellant's counsel to properly cross-examine the officers with reference to Ridgway's use of narcotics is without merit. The record discloses that the judge did in effect suggest to counsel that any cross-examination of the officer with reference to the codefendants would be nothing short of time wasted, but the court said further in that connection "if there is anything in regard to Vejar, I would like to hear it, if you have any evidence you wish to bring to the Court's attention," whereupon counsel then asked an objectionable question and an objection thereto was sustained. No further questions were put by counsel although the opportunity to do so was afforded. The defense and the prosecution rested their respective cases. The prosecution in answer to a question from the judge waived opening argument and the judge upon asking defense counsel if there was any argument on behalf of the defendants was told by defense counsel "I don't think it is necessary." Appellant was thereupon found guilty.

We find no error of any consequence in the record.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 23, 1963.