[Crim. No. 3435. Third Dist. Oct. 16, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT OTTO VOLK, Defendant and Appellant.

W. Jackson Willoughby, III, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris Maier, Assistant Attorney General, Edsel W. Haws and Roger Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

SCHOTTKY, J.—Robert Volk was found guilty by a jury of the crime of robbery in the first degree. His motion for a new trial was denied and he has appealed from the judgment and from the order denying his motion for a new trial. The order being nonappealable the purported appeal therefrom is hereby dismissed.

Appellant does not attack the sufficiency of the evidence to support the judgment so it is unnecessary to detail the evidence. Appellant does, however, make a vigorous attack on the admission into evidence of the testimony of Joyce Volk, also known by other names, given at the preliminary examina-

tion. This testimony was the strongest evidence against appellant, because while the victim of the robbery identified appellant as the man who entered the office and forced him to lie face down on the floor, he was far from sure; and it is difficult to believe that appellant would have been found guilty without the testimony of Joyce.

Appellant contends that the court erred in finding due diligence in an effort to locate a missing witness, Joyce Volk, through contacts through whom she said she could be located.

The respondent in reply contends that the court's finding was based upon facts sufficient to establish the exercise of due diligence to locate the witness.

■ Section 686 of the Penal Code provides:

''In a criminal action the defendant is entitled:

'' ...............................................

''3.   [T]o be confronted with the witnesses against him, in the presence of the court, except that where the charge has been preliminarily examined before a committing magistrate and the testimony taken down by question and answer in the presence of the defendant, who has ... cross-examined or had an opportunity to cross-examine the witness; ... the deposition of such witness may be read, upon its being satisfactorily shown to the court that he ... cannot with due diligence be found within the state; ... ''

The term ''due diligence,'' as contemplated by the statute, is a relative term which is incapable of a precise or an exact definition. The circumstances of each case must stand as the criteria by which the courts must determine whether the amount of diligence required has been shown. *People* v. *Johnson*, 13 Cal.App. 776, 779 [110 P. 965] ; *People* v. *Land*, 137 Cal.App. 196, 198 [30 P.2d 433].) As stated in *People* v. *Gardner*, 192 Cal.App.2d 357, 366-367 [13 Cal.Rptr. 477] :

■ '' 'The question of what constitutes due diligence to secure the presence of a witness which will authorize the reading to the jury of testimony taken at the preliminary hearing of the case is largely within the discretion  of the trial court, and depends upon the facts of each particular case. ■ The decision of a trial judge on the question of diligence and of the propriety of receiving or rejecting the evidence will not be disturbed on appeal unless it appears that there was an abuse of discretion. [Citations.] ■ The problem is primarily for the trial court, and its solution will not be disturbed if there is evidence of substantial character to support its conclusion.' [Citations.]''

■ The record in the case at bench presents a most interesting question as to whether due diligence was exercised to secure the presence of Joyce Volk at the trial. It appears from the record that she was an itinerant, without any permanent employment or address, who frequented the local bars and acquired her support as best she could. The search for the witness extended over the time from August 28, 1962, until the time of trial on October 16, 1962. The search was intensified upon the October 6th request of the district attorney to find the witness. A subpoena was issued on October 10th and service was attempted until the time of trial.

The officers, separately and repeatedly, checked the following places: the bars which were known to be frequented by her; all the hotels in the area; the witness' two previous addresses; the city directory; the city and county jails; the Bureau of Criminal Identification and Investigation; the city and the county police identification bureaus; the California Hotel, where the witness had stayed pending the preliminary hearing; and checked with a friend of the witness who thought she was living near 10th Street in Sacramento. They also talked with the bartenders who knew her; inquired at the restaurants she was known to frequent; and sent an all-points bulletin, all to no avail.

The record also shows that Mr. Brownston, counsel for Volk's codefendant, had hired a private detective to investigate the witness; and that defense counsel had personally seen the witness in his office and had her make a sworn statement on September 20, 1962, a day subsequent to the preliminary hearing. He stated that he had intended to subpoena her should the district attorney not call her. Defense counsel had also, unsuccessfully, attempted to locate her after the date of their meeting.

The appellant points out that the record also shows that Joyce Volk had given a statement to the district attorney prior to the preliminary examination in which she stated that she had a friend, Alfred Anderson, who resided at 2115 "G" Street in Sacramento, through whom she could be reached, and also that she could be contacted through the Arch Café. They point out that the record does not show that any attempt was made to locate her through these sources, and also that although she testified at the preliminary examination that she resided in North Sacramento, no effort was made to locate her there.

■ One of the fundamental rights of a defendant in a criminal case is the right to be confronted with the witnesses whose testimony is used against him. Courts should protect this right zealously. ■ Testimony given at a preliminary examination should not be used against him at the trial unless it satisfactorily appears that he has had an opportunity to cross-examine the witness at the preliminary examination, and unless it is satisfactorily shown to the court that the witness cannot with due diligence be found within the state. (Pen. Code, § 686.) In the case at bench, the record establishes that the cross-examination of Joyce Volk at the preliminary examination was thorough and complete. ■ The prosecution's direct examination, in which all the facts known to the witness concerning the crime were disclosed, consisted of 13 pages of direct testimony, omitting the objections and rulings made at the preliminary hearing. The cross-examination conducted for the appellant by his own counsel, Mr. Salamy, covers 24 pages, and the cross-examination conducted by Mr. Brownston in behalf of codefendant Lonnevick covers an additional 19 pages.

As hereinbefore stated, the question of whether due diligence was exercised to find the witness is one primarily for the trial court, and the decision of the trial court will not be disturbed unless the record shows an abuse of discretion. We have studied the record carefully and are convinced that there is evidence of substantial nature to support the conclusion of the trial court that under all the peculiar circumstances of the case at bench due diligence was exercised to produce the witness, Joyce Volk, at the trial.

■ Appellant also contends that it was error to admit into evidence allegedly prior consistent statements of Joyce Volk after admission of an inconsistent statement made by her to defense counsel subsequent to the preliminary hearing. The statement of Joyce Volk read by the defense repudiated her testimony at the preliminary examination to the effect that she had heard appellant discuss the robbery and saw him divide the proceeds. The prosecution was then permitted to introduce two statements of Joyce Volk's given to the authorities prior to her testimony at the preliminary examination. Both of these statements were in the main consistent with her testimony at the preliminary examination.

The trial court admitted these rehabilitating statements on a limited basis on the theory that the statements of Joyce Volk read by the defense amounted to a charge of recent fabrication.

California courts have repeatedly recognized the propriety of answering an expressed or implied charge of recent fabrication with proof of the witness' prior consistent statements. (*People* v. *Carter,* 48 Cal.2d 737, 749 [312 P.2d 665]; *People* v. *Bias,* 170 Cal.App.2d 502, 511 [339 P.2d 204]; *Loser* v. *E. R. Bacon Co.,* 201 Cal.App.2d 387, 393 [20 Cal.Rptr. 221].)

In the present case the facts clearly establish that the defense introduced the witness' statement of September 20, 1962, solely to establish the falsity of her testimony. This attack upon the veracity of the witness' testimony is amply illustrated by the defense counsel's statements that the witness had lied, by the appellant's counsel's concurrence in the use of the statement for purposes of impeachment, and by the text of the statement itself, which alleges the falsity of her testimony.

In *People* v. *Carter, supra,* the court said at page 749: "The court also erred in excluding the testimony of defendant's minister. Defendant offered the testimony of Reverend Crouch that on October 4th defendant told him the same story as he told on the stand: that he had left the Log Cabin, and then returned and found Carey lying on the floor of the card room, and in turning him over got blood on his clothes. At the time he told this story to Reverend Crouch, defendant did not know that the blood on his clothes had been analyzed as Carey's type or that hairs similar to Carey's had been found on his trousers. Defendant had a right to introduce this testimony to rebut the prosecution's charge that his story was a recent fabrication. (See *People* v. *Hardenbrook, ante,* pp. 345, 351-352 [309 P.2d 424]; *People* v. *Walsh,* 47 Cal.2d 36, 48 [301 P.2d 247]; *People* v. *Kynette,* 15 Cal.2d 731, 753-754 [104 P.2d 794]....)"

And in *People* v. *Bias, supra,* it is stated at pages 511, 512: "Ordinarily, prior consistent statements cannot be introduced to rebut impeaching evidence. However, one exception to this rule is the admissibility of prior consistent statements in answer to an express or implied charge that the trial testimony was recently fabricated. (*People* v. *Carter* (1957) 48 Cal.2d 737, 749 [312 P.2d 665]; *People* v. *Hardenbrook* (1957) 48 Cal.2d 345, 351 [309 P.2d 424]; *Davis* v. *Tanner* (1927) 88 Cal.App. 67, 73 [262 P. 1106]; *Bickford* v. *Mauser* (1942) 53 Cal.App. 680, 684 [128 P.2d 79]; *People* v. *Kynette* (1940) 15 Cal.2d 731 [104 P.2d 794]; *People* v. *Weatherford* (1947) 78 Cal.App.2d 669, 696 [178 P.2d 816].) The dissenting opinion in *Bickford* v. *Mauser, supra,* 53 Cal.

App.2d at page 689, stated that the exception to the rule of admissibility is limited to meeting a charge of recent fabrication and that in that case there was no such charge made; there was simply a situation of impeachment by evidence of prior inconsistent statements. While there is no case which flatly considers the question raised by the dissent in the *Bickford* case, a recent Supreme Court case appears to indicate that the exception may apply without any direct charge of fabrication. In *People* v. *Hardenbrook, supra,* 48 Cal.2d 345, 351, testimony of a prior statement was admitted for the limited purpose of rehabilitation. A witness testified to a conversation with the defendant which the defendant denied. The prosecution offered a witness who testified as to prior statements of the first witness concerning the conversation. No charge of recent fabrication was made yet the prior statements were held admissible. In *People* v. *Carter, supra,* 48 Cal.2d 737, it was held error to exclude testimony of prior statements offered by the defendant to rehabilitate impeaching testimony. The opinion stated that the defendant had a right to introduce this testimony 'to rebut the prosecution's charge that his story was a recent fabrication.' . . .

We are convinced that the court properly admitted the prior consistent statements of the witness for the purpose of rehabilitating the prior testimony of the witness.

Appellant's final contention is that certain portions of the argument of the district attorney constituted prejudicial misconduct. No objection was made in the trial court. It is well settled that where there is no objection, exception or assignment of error made in the trial court, the claim of misconduct of the prosecuting attorney cannot be raised for the first time on appeal. (*People* v. *Klavon,* 202 Cal.App.2d 765, 768 [21 Cal.Rptr. 99]; *People* v. *Stadnick,* 207 Cal. App.2d 775, 779 [25 Cal.Rptr. 35]; *People* v. *Sutic,* 41 Cal.2d 483, 496 [261 P.2d 241].) The failure to assign such argument as prejudicial at the time it is made constitutes a waiver of any objection thereto. (*People* v. *Coontz,* 119 Cal. App.2d 276, 282 [259 P.2d 694].) A failure to object to a statement will even waive an improper and otherwise inadmissible comment by the prosecutor. (*People* v. *Tapia,* 174 Cal.App.2d 52, 57 [344 P.2d 33].) Furthermore, a reading of the record convinces us that the remarks complained of were within the bounds of legitimate argument.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.