[Crim No. 3113.   First Dist., Div. Two.   Dec. 15, 1955.]

THE PEOPLE, Respondent, v. LEWIS CARPENTER, Appellant.

Lewis Carpenter, in pro. per., and Pat Hallford, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

NOURSE, P. J.—This is an appeal from an order of the superior court denying appellant's petition for a writ of error *coram nobis.*

On December 5, 1949, the appellant was sentenced to the state prison following his plea of guilty to a violation of section 288 of the Penal Code. The sentenced followed a full court hearing in which the defendant was represented by counsel and in which he freely admitted the commission of the offense charged. No question was then raised that he had not been fully and fairly represented or that he had any misconception of the effect of his plea.

During his five years of confinement in the state prison he evolved the theory that (in his mind) there was a distinction between the "private parts" of the little girl and the "sexual parts" and that he assumed that he was pleading guilty only in relation to the former. The argument is specious since section 288 relates to acts committed upon any part of the body of the child.

The attack made upon the judgment is made in appellant's statement that he did not plead guilty, that his guilty plea was not of his own free will, and that it was made through mistake. No one of the ground has any merit. Before the plea was entered the trial judge fully explained to him the meaning of the charge against him and the effect of his plea. He was at all times represented by counsel. There could have been no mistake on his part as to the charge made and his letters written to the judge and to the district attorney before the sentence show clearly that he fully understood the effect of the plea. Furthermore he had served several years in prison on a conviction of the same charge involving another person. Hence he cannot now claim ignorance of the court proceedings.

Furthermore, insofar as the claim of mistake is concerned, he raised that ground before sentence on December 5, 1949. The same plea now made nearly five years later does not justify a writ of *coram nobis.* (*People* v. *Gennaitte,* 127 Cal.App.2d 544, 548 [274 P.2d 169]. (See *People* v. *Shorts,* 32 Cal.2d 502, 512 [197 P.2d 330]; *People* v. *Adamson,* 34 Cal.2d 320, 326, 327 [210 P.2d 13]; delay in filing application.)

Order affirmed.

Dooling, J., and Kaufman, J., concurred.