**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50202 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00152-DSF-1 |
| v. | |
| PHILLIP E. CALDWELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted July 16, 2010
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and ROBART, District
Judge.[**]

Phillip Caldwell raises various challenges to his convictions under 18 U.S.C.

§§ 2422(b) and 2252A(a)(2)(A). We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James L. Robart, United States District Judge for the
Western District of Washington, sitting by designation.

We affirm Caldwell's § 2422(b) conviction. His conduct was punishable under the federal enticement statute, as he attempted to induce "sexual activity for which [*he* could] be charged with a criminal offense" under California law. 18 U.S.C. § 2422(b); *see People v. Martinez*, 11 Cal.4th 434, 444 (Cal. 1995); *People v. Austin*, 111 Cal.App.3d 110, 114 (Cal. Ct. App. 1980). His arguments that § 2422(b) is unconstitutional fail under our settled precedent. *See United States v. Meek*, 366 F.3d 705, 721-22 (9th Cir. 2004); *United States v. Dhingra*, 371 F.3d 557, 561-62 (9th Cir. 2004). The rule of lenity does not apply. The statutes are not ambiguous.

We affirm Caldwell's § 2252(a)(2)(A) conviction. A rational trier of fact could have found that the images were "lascivious exhibitions." *See* 18 U.S.C. § 2256(2)(A)(v); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The district court's decision to exclude Caldwell's proffered textbook image was not an abuse of discretion. Caldwell was permitted to argue that the four submitted photos resembled clinical photos. The court's admission of Exhibit 38 was not an abuse of discretion. *See United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001). It also was not an abuse of discretion to admit the chat references to, and the file name of, a video that Caldwell sent to whom he thought was a minor child. The record is sufficient to support conviction.

2

It was not clear error to impose a $17,500 fine. The Sentencing Guidelines range suggested a fine of between $17,500 and $175,000. The court made undisputed factual findings to support the imposition of the fine. Military pensions may be taken into account for these purposes. *See Gleave v. Graham*, 954 F. Supp. 599, 610-11 (W.D.N.Y. 1997).

**AFFIRMED.**