Filed 1/12/15  Williams v. Superior Court CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BERNARD WILLIAMS,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>        Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | B257934<br>S221063<br><br>(Super. Ct. No. NA091969) |

ORIGINAL PROCEEDIINGS; petition for writ of mandate.  Mark C. Kim, Judge. Peremptory Writ of Mandate granted.

Ronald L. Brown, Public Defender of Los Angeles County, California;

Jackie Lacey, District Attorney of Los Angeles County, by Phyllis C. Asayama and Matthew Brown.

No appearance for Respondent.

## INTRODUCTION

The Superior Court of the County of Los Angeles, respondent court, erred in denying the motion of defendant, an African American accused of murder, for appointment of an expert demographer to investigate and opine regarding his contention there was a significant disparity between eligible African American jurors in the South Judicial District compared to those summoned to the Long Beach Courthouse. The California Supreme Court ordered that we issue an alternative writ, which we did. The trial court did not comply with the alternative writ and failed to issue the appropriate order. Accordingly, we issue peremptory writ directing the respondent court to vacate its order denying the motion and to enter a new order granting it.

## PROCEDURAL HISTORY

Petitioner Bernard Williams, an indigent, after a trial in which he was acquitted on one count and a mistrial declared on the remaining two counts, moved for an order from respondent court to appoint and pay demographer Ashley Thomas as an expert to assist petitioner in demonstrating his contention that the current method of summoning jurors to Long Beach Courthouse deprives him of a jury derived from a cross section of the community. Petitioner's motion, supported by a declaration of counsel and exhibits, sought to establish his claim of a significant disparity between eligible African American jurors in the South Judicial District compared to the African Americans who were summoned to the Long Beach Courthouse as jurors—that is that there was an underrepresentation of African Americans on the jury panel.

Petitioner contends the jury services director confirmed jurors were summoned using the "bulls eye" method, which method draws jurors to the courthouse closest to their home. Petitioner claims an expert is needed to review 2010 United States Census data to determine whether the alleged disparity was constitutionally significant and determine the expected ethnic composition of the prospective panel of jurors assigned for

2

service under the "bulls eye" method of selection compared to a random method of selection.

The trial occurred in Long Beach, which is within the South Judicial District of the Los Angeles County Superior Court. Petitioner contends that during the first trial, 95 prospective jurors participated in voir dire, but none was from North Long Beach, part of the South Judicial District. Most of the potential jurors came from areas of Long Beach nearest the courthouse and from San Pedro. In his motion for appointment of the expert demographer, petitioner contended: "I believe the manner in which the Superior Court…assigns prospective jurors for service at Long Beach Courthouse is not random as is required by the Code of Civil Procedure…the current method decreases the number of African American jurors likely to serve on Mr. Williams [*sic*] jury." Petitioner sought "…to demonstrate the current method of subpoenaing jurors using the 'bulls-eye' method violates William's [*sic*] right to a jury…from a representative cross section of the community guaranteed by the Sixth Amendment…" Petitioner contends that the Division of Jury Service records show that residents of the South Judicial District who live in the 13 zip codes of the District closest to the courthouse, are more than two and one half times more likely (2.59) than residents of the three zip codes within the City of Long Beach furthest from the courthouse, to be summoned to jury duty at the Long Beach Courthouse.

On June 2, 2014, respondent court denied petitioner's motion on the grounds it failed to show a prima facie case for relief, contains only vague and conclusory allegations, and is based on the same facts and law as a prior application, that need not be reconsidered. Petitioner contends respondent court applied the wrong legal standard and abused its discretion in denying his application for expert appointment. He contends the denial is premised on the respondent court's mistaken belief he needs to show a prima facie case to have the expert appointed, when he claims he needs only to demonstrate that the expert services are reasonably necessary to his defense.

3

Petitioner sought mandate directing respondent to vacate its denial of his motion and to enter a new order granting it. On August 28, 2014, we denied petitioner's mandate petition. The Supreme Court granted petitioner's petition for review, and transferred the case back to this court with directions to vacate our order denying mandate and to issue an alternative writ. In compliance with the Supreme Court order, we then issued an alternative writ of mandate, vacating our order of August 28, 2014, and directing the respondent court to vacate its order of June 2, 2014, and to enter a new order granting petitioner's motion for appointment of a demographer to assist him in demonstrating his contention the current method of summoning jurors to the Long Beach Courthouse deprives him of a jury derived from a cross section of the community, or to show cause why a peremptory writ ordering it to do so should not issue. The respondent court declined to comply with the writ's directive to vacate its prior order and to enter a new one.[1]

The real-party-in-interest, People of the State of California, represented by the Los Angeles County District Attorney, filed a return to the mandate petition. Real-party-in-interest contends that it only has a limited interest in the petition and respondent court should be opposing it, if it chooses to do so. Real-party-in-interest contends Williams' petition was untimely, and he did not provide an adequate record for review. Real-party-in-interest further contends petitioner was not entitled to the appointment of an expert on an ancillary matter unrelated to guilt or innocence, that indigent defendants are entitled only to experts relevant to a defense—not to explore collateral matters such as jury demographics—and there was no showing respondent court abused its discretion by denying his request for an expert. Real party-in-interest argues even assuming a statistical disparity affecting African American jurors, petitioner did not show this was

---

[1]    The trial court appears to have been under the misapprehension that it could not vacate its order without a peremptory writ being issued by this court. The trial court had the authority to comply with the act required to be performed in lieu of showing cause why it had not done so. (Code Civ. Proc., § 1987.)

caused by any unconstitutional aspect of juror assignment and that using proximity to the courthouse as a criterion for assigning jurors does not amount to a systematic exclusion. At the December 5, 2014 hearing before respondent court on this court's alternative writ, the real-party-in-interest indicated that it was not opposing the appointment of an expert if the court wanted to make one.

## DISCUSSION

Petitioner contends respondent court applied the wrong legal standard and abused its discretion in denying his application for appointment of an expert demographer. He contends the denial was premised on the court's mistaken belief he needed to show a prima facie case of jury disparity to have the expert appointed. The Supreme Court has required that we issue an alternative writ and we did so. The trial court erroneously refused to comply.

The grounds supporting the Supreme Court's action are set forth by the petitioner. They include the following: Petitioner needs only to demonstrate the requested expert services are reasonably necessary to his defense. Evidence Code section 730 provides that when expert evidence is or may be required by any party, the trial court may appoint experts to investigate, render a report and testify as an expert at the trial relevant to the fact or matter. Under Evidence Code section 731 and Government Code section 29603, the County must pay for the expenses.

The Supreme Court in *Corenevsky v. Superior Court* (1984) 36 Cal.3d 307, 319-321 (*Corenevsky*), held that the right to counsel includes effective counsel and reasonably necessary ancillary defense services. Counsel for an accused, especially one accused of murder as here, is entitled to the aid of such expert assistance as he may need in preparing his defense. A right to ancillary defense services arises if the defendant has demonstrated the need for such services by reference to the general lines of inquiry he wishes to pursue. The respondent court should view with considerable liberality a motion for such pretrial assistance. The trial court in *Corenevsky* granted, and the Supreme Court affirmed, the

5

defendant's requests for expert witnesses, including a jury selection expert, based on counsel's belief that the difficulty of selecting a jury in a murder case with special circumstances requires the assistance of an expert. (See also *People v. Guerra* (2006) 37 Cal.4th 1067, 1085, disapproved on another ground in *People v. Rundle* (2008) 43 Cal.4th 76, 151 [disapproved on another point in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22]; *People v. Gaglione* (1994) 26 Cal.App.4th 1291, 1304, overruled on another ground in *People v. Martinez* (1995) 11 Cal.4th 434, 452.) Although the trial court's decision concerning the appointment of an expert may only be set aside for an abuse of discretion (*Corenevsky, supra*, 36 Cal.3d at p. 321), "court-ordered defense services may be required in order to assure a defendant his constitutional right not only to counsel, but to the effective assistance of counsel." (*Id*. at p. 319.)

To establish a prima facie violation of a jury disparity, the defendant must show that the group alleged to be excluded is a distinctive group in the community; the representation of these group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community, and this underrepresentation is due to systematic exclusion of the group in the jury selection process. A defendant does not meet the burden of demonstrating the underrepresentation was due to a systematic exclusion by establishing only statistical evidence of a disparity, but also must show the disparity is the result of an improper feature of the jury selection process. (*People v. Ramirez* (2006) 39 Cal.4th 398, 444; *People v. Anderson* (2001) 25 Cal.4th 543, 566.) Petitioner should not be required to prove a prima facie case before appointment of a demographer to support his contention of jury disparity. *Corenevsky, supra*, 36 Cal.3d, at pp. 319-323, requires only that the defendant, especially one accused of murder as the petitioner here, demonstrate the requested expert services are reasonably necessary to his defense. Petitioner met that showing.

## DISPOSITION

A peremptory writ of mandate shall issue directing the respondent court to vacate its June 2, 2014 order denying petitioner's motion for appointment of a demographer expert, and to enter a new order granting his motion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MOSK, Acting P. J.


We concur:


KRIEGLER, J.


GOODMAN, J.*

---

*       Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.