Filed 3/27/15  P. v. Tejeda CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050029 |
| v. | (Super. Ct. No. 12CF0066) |
| JUAN GERARDO TEJEDA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Martin E. Doyle, Deputy Attorneys General, for Plaintiff and Respondent.

*        *        *

A jury convicted defendant Juan Gerardo Tejeda, a transgendered female, of committing a lewd and lascivious act upon Jose M., who was 14 years old on the date of the sexual offense. (Pen. Code, § 288, subd. (c)(1); count 3.)[1] On appeal defendant contends there is insufficient evidence to support the lewd conduct conviction and the conviction should be reduced to the lesser offense of attempted lewd conduct. We find substantial evidence supports defendant's conviction and therefore affirm the judgment.

FACTS

On December 20, 2011, defendant was 30 years old and lived in an apartment across the street from a church parking lot. That afternoon, six teenage boys, including 14-year-old Jose M., were skateboarding in the parking lot. While Jose M. and the other boys were skateboarding, they saw defendant standing on her balcony across the street.

Defendant motioned with her hand toward the boys in a way that suggested she wanted them to do a trick with their skateboards. Jose M. thought defendant wanted one of them to ride their skateboard down the church stairs, which is a trick called an "ollie."

Some of the boys told another boy, Bryan T., to "show his private part" to defendant if he completed the skateboard trick. Bryan T. landed the trick and flashed his

---

[1]        All statutory references are to the Penal Code.
        Defendant challenges only her conviction on count 3. The jury also convicted her of committing sexual offenses against five other boys, consisting of two counts of lewd acts on a child under age 14, two counts of oral copulation on a child under age 16, and two counts of attempted oral copulation on a child under age 16. The jury also found she engaged in substantial sexual conduct in the two counts of lewd acts on a child under age 14, within the meaning of section 1203.066, subdivision (a)(8). The court sentenced defendant to an aggregate 10-year state prison term.

penis to defendant. After he did this, defendant exposed her breasts to the boys.[2] Defendant then made a hand gesture to the boys, which they interpreted as an invitation to come up to her apartment.

Two of the boys went up to the apartment first, while the remaining four boys waited at a neighboring store. Shortly after, one of the boys in the apartment yelled out the window that "someone was in the room with the lady" "getting head." After hearing this, two more boys went up to defendant's apartment, followed by Jose M. and the remaining boy a few minutes later.

When Jose M. entered the apartment, he waited in the living room while most of the other boys took turns going into the bedroom with defendant. At some point, Jose M. opened the closed door to the bedroom to retrieve his skateboard and because he was curious about what was happening inside the room. When he walked in the room, he saw one of the boys sitting on the bed, and defendant on her knees in front of the boy, orally copulating him. Jose M. then left the bedroom and returned to the living room.

While Jose M. was in the living room, at some point, defendant returned to the living room and tried to touch Jose M.'s "private part." Defendant touched Jose M.'s pants near his penis. To keep defendant from touching his "private part," Jose M. cupped his hands over his pants in the region near his penis. Defendant touched Jose M.'s hand while it was covering the boy's penis, but she did not touch the front of his pants. Jose M. did not want defendant to touch his penis or to give him a "blow job" because he "saw her face" and had doubts as to whether defendant was a woman.

Jose M. and the other boys were in defendant's apartment for about 40 minutes to an hour. While they were in the living room, defendant exposed her breasts by taking off her top or lifting it up. Jose M. saw most of the other boys touch

---

[2] There is conflicting evidence on whether defendant exposed her breast before or after Bryan T. showed his penis to defendant and why Bryan T. decided to show his penis in the first place.

3

defendant's exposed breasts.  Jose M. also touched defendant's breasts with his hand while defendant exposed them in the living room.

Jose M. and the other boys eventually left the apartment.  After they left, the six boys agreed to keep what happened in the apartment a secret.  Jose M. did not tell any adults what occurred until he was contacted by the police.

DISCUSSION

*Substantial Evidence Supports Defendant's Conviction of Committing a Lewd Act on Jose M.*

Defendant contends her conviction for committing a lewd act on 14-year-old Jose M. (§ 288, subd. (c)(1)) should be reduced to the lesser offense of an attempted lewd act because the evidence is insufficient to show she completed the offense. Defendant's argument essentially concedes the evidence is sufficient to show she harbored the specific intent to commit the crime.

Under section 288, subdivision (a), a person who "willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child [under age 14,] with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony." Under section 288, subdivision (c)(1) — the subdivision under which defendant was convicted — a "person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child" is guilty of a felony or a misdemeanor.  Thus, by its terms, section 288 requires both a touching and a specific intent to sexually arouse, appeal to, or gratify the perpetrator or the child.

"Our review of any claim of insufficiency of the evidence is limited.  'In assessing the sufficiency of the evidence, we review the entire record in the light most

4

favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] Reversal on this ground is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].""" (*People v. Veale* (2008) 160 Cal.App.4th 40, 45.) "Given this court's limited role on appeal, defendant bears an enormous burden in claiming there is insufficient evidence to sustain his molestation convictions." (*Id.* at p. 46.)

Here, two separate acts of touching occurred with respect to Jose M. First, defendant touched Jose M.'s hands and pants as the boy covered his genital area. Second, Jose M. touched defendant's exposed breast.

As to defendant's touching of Jose M., defendant argues she did not complete a lewd act, because Jose M.'s hands prevented her from actually touching the boy's penis. Not so. A lewd act can involve "any part" of the victim's body, and the touching can occur through the victim's clothing. (*People v. Martinez* (1995) 11 Cal.4th 434, 444; § 288.) The actual touching of a sexual organ is not required. (*People v. Raley* (1992) 2 Cal.4th 870, 907.)

As to Jose M.'s touching of defendant's breast, defendant argues she did not engage in the touching; rather, Jose M. touched her. But the touching necessary to violate section 288 "'may be done by the child victim on its own person [or someone else's person] providing such touching was at the instigation of a person who had the required specific intent.'" (*People v. Imler* (1992) 9 Cal.App.4th 1178, 1182; *People v. Lopez* (2010) 185 Cal.App.4th 1220, 1230 [defendant directed victims to remove their clothes and change into provocative clothing].) Defendant argues Jose M. touched her breast without any instigation or prompting. Not so. Defendant exposed her breasts to Jose M. and the other boys in the living room. She let the other boys touch her breasts in front of Jose M. This instigated or prompted Jose M. to touch them too.

Substantial evidence supports the jury's findings both actions were completed and violated section 288.

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

MOORE, ACTING P. J.

THOMPSON, J.

6