Filed 4/24/15  P. v. Tejeda CA4/3
Opinion following rehearing
Received for posting 5/1/15

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050029 |
| v. | (Super. Ct. No. 12CF0066) |
| JUAN GERARDO TEJEDA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Martin E. Doyle, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Juan Gerardo Tejeda, a transgendered female, of committing a lewd and lascivious act upon then 14-year-old Jose M. (Pen. Code, § 288, subd. (c)(1); count 3.)[1] The jury also convicted her of committing sexual offenses against five other boys, consisting of two counts of lewd acts on a child under age 14 (§ 288, subd. (a); counts 1 & 2), one count of oral copulation on a child under age 16 (§ 288a, subd. (b)(2); count 4), and two counts of attempted oral copulation on a child under age 16 (§§ 664, 288a, subd. (b)(2); counts 5 & 6). The jury also found she engaged in substantial sexual conduct in the two counts of lewd acts on a child under age 14. (§ 1203.066, subd. (a)(8).) The court sentenced defendant to an aggregate 10-year prison term.

On appeal defendant contends there is insufficient evidence to support her conviction of lewd conduct on Jose M. and that the conviction should be reduced to the lesser offense of attempted lewd conduct. She also contends the court abused its sentencing discretion by failing to consider certain mitigating factors and that the abstract of judgment contains a clerical error. We affirm the judgment, but direct the trial court to amend the abstract of judgment to correct the clerical error.

FACTS

On December 20, 2011, defendant was 30 years old and lived in an apartment across the street from a church parking lot. That afternoon, six boys, including Jose M., were skateboarding in the parking lot. The boys ranged in age from 12- to 15-years-old.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

While the boys were skateboarding, they saw defendant standing on her balcony across the street. Defendant motioned with her hand toward the boys in a way that suggested she wanted them to do a trick with their skateboards. Jose M. thought defendant wanted one of them to ride their skateboard down the church stairs, which is a trick called an "Ollie."

Some of the boys told another boy, B.T., to "show his private part" to defendant if he completed the skateboard trick. B.T. landed the trick and flashed his penis to defendant. After he did this, defendant exposed her breasts to the boys.[2] Defendant then made a hand gesture to the boys, which they interpreted as an invitation to come up to her apartment.

Two of the boys went up to the apartment first, while the remaining four boys waited at a neighboring store. A short time later, one of the boys in the apartment yelled out the window that "someone was in the room with the lady" "getting head." After hearing this, two more boys went up to defendant's apartment, followed by Jose M. and the remaining boy a few minutes later.

Jose M. and 15-year-old J.A. waited in the living room while the other boys took turns going into the bedroom with defendant. In the bedroom, defendant orally copulated 12-year-old B.O., 13-year-old D.M., 14-year-old J.O., and 15-year-old B.T. Both B.O. and J.O. ejaculated in her mouth.

At some point, Jose M. opened the closed door to the bedroom to retrieve his skateboard and because he was curious about what was happening inside the room. When he walked into the room, he saw one of the boys sitting on the bed, and defendant on her knees in front of the boy, orally copulating him. Jose M. then left the bedroom and returned to the living room.

_____

[2] There is conflicting evidence on whether defendant exposed her breast before or after B.T. showed his penis to defendant and why B.T. decided to show his penis in the first place.

3

In the living room, defendant pulled down J.A.'s pants and put his penis in her mouth, but J.A. pushed her away and went to the restroom to wash his penis.

Also in the living room, defendant touched Jose M.'s pants near his penis. To keep defendant from touching his "private part," Jose M. cupped his hands over his pants in the region near his penis. Defendant touched Jose M.'s hand while it was covering the boy's penis. Jose M. did not want defendant to touch his penis or to give him a "blow job" because he "saw her face" and had doubts as to whether defendant was a woman.

The boys were in defendant's apartment for about 40 minutes to one hour. While they were in the living room, defendant exposed her breasts by taking off her blouse or lifting it up. Jose M. saw most of the other boys touch defendant's exposed breasts. Jose M. also touched defendant's breasts with his hand while defendant exposed them in the living room. The boys eventually left the apartment.

Afterwards, the boys discussed whether the woman was really a girl and whether she might have a sexually transmitted disease. The six boys agreed to keep what happened in the apartment a secret. But B.T. told his mother what had happened because he was afraid he might have contracted a disease from the woman. B.T.'s mother took him to a medical clinic, where personnel immediately phoned the police.

An officer prepared a photographic lineup from which five of the boys identified defendant. The officer contacted defendant at her apartment and photographed several items that had been described by the boys, such as an aquarium with live fish and a skull on top of the refrigerator.

4

*Defense*

Defendant denied the accusations against her. She testified she had experienced harassment from children in the neighborhood and had been the victim of a burglary the summer before the incident in her apartment.

DISCUSSION

*Substantial Evidence Supports Defendant's Conviction of Committing a Lewd Act on Jose M.*

Defendant contends her conviction for committing a lewd act on 14-year-old Jose M. (§ 288, subd. (c)(1)) should be reduced to the lesser offense of an attempted lewd act because the evidence is insufficient to show she completed the offense.

Under section 288, subdivision (a), a person who "willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child [under age 14,] with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony." Under section 288, subdivision (c)(1) — the subdivision under which defendant was convicted as to Jose M. — a "person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child" is guilty of a felony or a misdemeanor. Thus, by its terms, section 288 requires both a touching and a specific intent to sexually arouse, appeal to, or gratify the perpetrator or the child.

"Our review of any claim of insufficiency of the evidence is limited. 'In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] Reversal on this ground is unwarranted

5

unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].""" (*People v. Veale* (2008) 160 Cal.App.4th 40, 45.) "Given this court's limited role on appeal, defendant bears an enormous burden in claiming there is insufficient evidence to sustain his molestation convictions." (*Id.* at p. 46.)

Here, two separate acts of touching occurred with respect to Jose M. First, defendant touched Jose M.'s hands and pants as the boy covered his genital area. Second, Jose M. touched defendant's exposed breast. The court instructed the jurors they had to unanimously agree the People proved at least one of the alleged acts.

As to defendant's touching of Jose M.'s hands and pants, defendant argues she did not complete a lewd act, because she intended to touch Jose M.'s penis, but was prevented from doing so. That defendant failed to touch Jose M.'s penis is not determinative. A lewd act can involve "any part" of the victim's body, and the touching can occur through the victim's clothing. (*People v. Martinez* (1995) 11 Cal.4th 434, 444; § 288.) The actual touching of a sexual organ is not required. (*People v. Raley* (1992) 2 Cal.4th 870, 907.)

Neither is defendant's alleged intent to touch Jose M.'s penis determinative. Her cited cases, *People v. Hanna* (2013) 218 Cal.App.4th 455, 461 and *People v. Montes* (2003) 112 Cal.App.4th 1543, 1549, are inapt. In *Hanna*, the defendant never touched any part of the minor's body because the minor's father showed up at the rendezvous place instead of the minor. (*Hanna*, at p. 459.) *Montes* emphasized that an attempted crime requires a more specific intent than a completed offense: "Notwithstanding the fact that murder may be committed without an intent to kill, it has long been held that the crime of attempted murder does require an intent to kill." (*Montes*, at p. 1549.) Moreover, the intent required for a violation of section 288 is to arouse, appeal to, or gratify the lust, passions, or sexual desires of the defendant or the child. Substantial

6

evidence supports the jury's finding defendant acted with that intent when she touched Jose M.'s hand covering his penis.

As to Jose M.'s touching of defendant's breast, defendant argues she did not engage in the touching; rather, Jose M. touched her. But the touching necessary to violate section 288 "'may be done by the child victim on its own person [or someone else's person] providing such touching was at the instigation of a person who had the required specific intent.'" (*People v. Imler* (1992) 9 Cal.App.4th 1178, 1182; *People v. Lopez* (2010) 185 Cal.App.4th 1220, 1230 [defendant directed victims to remove their clothes and change into provocative clothing].) Defendant argues Jose M. touched her breast without any instigation or prompting. Not so. Defendant exposed her breasts to Jose M. and the other boys in the living room. She let the other boys touch her breasts in front of Jose M. This instigated or prompted Jose M. to touch them too.

Substantial evidence supports the jury's finding defendant violated section 288.

*The Court Did Not Abuse Its Discretion by Sentencing Defendant to the Midterm on Count 1 as the Principal Term*

The court sentenced defendant to the midterm of six years on count 1 as the principal term. On appeal defendant argues the court failed to properly consider and weigh mitigating factors which she asserts were present in this case, i.e., (1) a high level of willing victim participation (Cal. Rules of Court, rule 4.423(a)(2)), and (2) no evidence the conduct was likely to recur (Cal. Rules of Court, rule 4.423(a)(3)). She points to evidence that (1) the boys voluntarily went to her home; (2) before they arrived there, two of them said they would "try to get a blow job"; and (3) three of the boys seemed happy after getting oral sex. She concludes the court abused its discretion by concluding the mitigating circumstances did not outweigh the aggravating circumstances and sentencing her to the midterm on count 1.

7

California Rules of Court, rule 4.423 lists mitigating circumstances relating to the crime or the defendant. California Rules of Court, rule 4.423(a)(2) lists as a mitigating circumstance that "[t]he victim was an initiator of, [or] willing participant in . . . the incident." California Rules of Court, rule 4.423(a)(3) lists as a mitigating circumstance that "[t]he crime was committed because of an unusual circumstance, such as great provocation, that is unlikely to recur."

Under section 1170, subdivision (b), the choice of the appropriate term from three statutorily specified possible terms rests within the court's sound discretion. "In determining the appropriate term, the court may consider the record in the case, the probation officer's report, . . . and any further evidence introduced at the sentencing hearing. The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected and the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b).) Although the court must state reasons for imposing the selected term, those reasons need not include facts deemed by the court to be aggravating or mitigating circumstances. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

The "'"'burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'"'" (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) A "trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

8

Here, the court did not abuse its discretion by sentencing defendant to the midterm on count 1. The court stated the following reasons for selecting the midterm. First, defendant had no criminal record, a fact the court considered to be a mitigating circumstance. Second, the court disagreed with the probation officer's statement defendant disguised herself as a female, and therefore the court did *not* take this into account as an aggravating factor. Third, the court did *not* consider defendant's lack of remorse to be either an aggravating or mitigating factor. Fourth, the court found defendant "lure[d] these young boys into the house for the purpose of committing these sexual acts" and considered this to be an aggravating circumstance. Consequently, the court found one mitigating circumstance and one aggravating circumstance, weighed them, and selected the midterm for the sentence on count 1.[3]

Defendant has failed to carry her burden to show the court's decision was irrational or arbitrary. Abundant substantial evidence supports the court's finding defendant "lure[d]" "young" victims into her home for the purpose of committing sexual acts. The victims were ages 12 to 15. Defendant flashed her breasts at the boys and beckoned them to come over. Later, as the boys were leaving her apartment, she invited them to come back "one by one next time." Her home was located across the street from a church and its parking lot. These circumstances contradict defendant's conclusion the crimes were committed due to an unusual circumstance, such as great provocation, that was unlikely to recur. Furthermore, given the boys' youth and defendant's sexually stimulating behavior, the court was *not* required as a matter of law to find (as defendant seems to suggest) that there was a high level of victim participation within the meaning of California Rules of Court, rule 4.423(a)(2). A court's decision based on its exercise of discretion "'"will not be reversed merely because reasonable people might disagree.'"'"

---

[3] The court took into account the fact these were multiple crimes involving six victims. It considered this, however, *not* as an aggravating factor, but rather for purposes of determining the crimes were independent of one another.

9

(*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.)  The court properly exercised its discretion in identifying, considering, and weighing mitigating and aggravating circumstances.

*The Abstract of Judgment Must Be Amended*

Both parties agree the abstract of judgment must be amended to correctly reflect the court sentenced defendant on counts 2 through 6 to consecutive subordinate terms at one-third the midterm.  "'[A] court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts.'"  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

At the sentencing hearing, the court sentenced defendant to the midterm of six years on count 1 as the principal term, "to run consecutive to one-third the midterm on count 2, which would be two years, to run consecutive on the midterm of count 3 which would be eight months, to run consecutive to the midterm of count 4 which will be eight months, to run consecutive to the midterm on count 5 which is four months, and to run consecutive to the midterm on count 6 which is four months, which the court feels then is a total of ten years."[4]  Although the court misspoke as to counts 3 through 6 by failing to specify the imposed sentence for each was one-third the midterm, the court sentenced defendant to one-third the statutory midterm for each of those counts.

_____

[4] The court sentenced defendant to the midterm of six years on count 1 (§ 288, subd. (a)); one-third the six-year midterm (i.e., two years) on count 2 (*ibid.*); one-third the two-year midterm (i.e., eight months) on count 3 (*id.*, subd. (c)(1)); one-third the two-year midterm (i.e., eight months) on count 4 (§§ 288a, subd. (b)(2), 18, subd. (a)); one-half of one-third the two-year midterm (i.e., four months) on count 5 (§§ 664, subd. (a), 288a, subd. (b)(2), 18, subd. (a)); and one-half of one-third the two-year midterm (i.e., four months) on count 6 (§§ 664, subd. (a), 288a, subd. (b)(2), 18, subd. (a)).

10

The abstract of judgment is marked "M" in the column headed "Term" for counts 2 through 6.  The document must be amended by marking the respective box in the "1/3 Consecutive" column for counts 2 through 6 to accord with the court's oral pronouncement of judgment.

DISPOSITION

The trial court is directed to prepare an amended determinate abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


THOMPSON, J.

11