Filed 6/7/21  P. v. Begay CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AARON BEGAY,<br><br>Defendant and Appellant. | F080691<br><br>(Super. Ct. No. F16906769)<br><br><br>**OPINION** |

---

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

**INTRODUCTION**

In 2016, defendant Aaron Begay was arrested after a teenage family member reported that he had sexually assaulted her on more than one occasion in 2015. Defendant was charged by information in count 1 with aggravated sexual assault of a child, in violation of Penal Code section 269, subdivision (a)(1),[1] and in count 2 with committing a lewd or lascivious act on a child under the age of 14 years, in violation of section 288, subdivision (a).[2]

Following a jury trial, defendant was convicted of both counts. The trial court sentenced him to an indeterminate term of 15 years to life on count 1, consecutive to the upper term of eight years on count 2. Relevant to the issues raised on appeal, the court also imposed a restitution fine of $6,300 under section 1202.4, subdivision (b)(1), and a parole revocation restitution fine of $6,300 under section 1202.45, subdivision (a), suspended.

Defendant advances three claims on appeal. He argues that the trial court abused its discretion in selecting the upper term on count 2, deprived him of two days of actual presentence custody credit, and erred in imposing a $6,300 restitution fine given his inability to pay. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).)

The People concede defendant is entitled to an additional two days of custody credit, but otherwise dispute his entitlement to any relief.

We reject defendant's claim that the trial court abused its discretion when it imposed the upper term on count 2 and we reject his claim for relief pursuant to *Dueñas*. However, we agree with the parties that defendant is entitled to an additional two days of actual presentence custody credit and we modify the judgment accordingly. On our own

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

[2]     Defendant's claims are confined to sentencing issues and, therefore, we do not summarize the facts underlying his crimes except as relevant to his challenge to imposition of the upper term on count 2.

motion, we also direct the trial court to correct the abstract of judgment to reflect that defendant was sentenced to an indeterminate term of 15 years to life pursuant to section 269, subdivision (b), rather than section 667.61 (the One Strike Law). (*People v. Jones* (2012) 54 Cal.4th 1, 89.)

Except as modified, the judgment is affirmed.

## DISCUSSION

### I.      Selection of Upper Term on Count 2

#### A.      Background

The probation report recommended imposition of the middle term of six years on count 2 for committing a lewd or lascivious act on a child under the age of 14 years, and noted two aggravating factors: "[t]he defendant took advantage of a position of trust or confidence to commit the offense" and "engaged in violent conduct that indicates a serious danger to society." (Cal. Rules of Court, rule 4.421(a)(11), (b)(1).)[3] The probation report also noted one mitigating circumstance: "[t]he defendant has no prior record, or has an insignificant record of criminal conduct, considering the recency and frequency of previous crimes." (Rule 4.423(b)(1).)

At the sentencing hearing, the prosecutor argued for the upper term while defendant sought the lower term. After addressing the aggravating and mitigating factors, the court agreed with the prosecutor and sentenced defendant to the upper term of eight years on count 2.

Defendant acknowledges that a single factor in aggravation may justify imposition of the upper term. (*People v. Davis* (1995) 10 Cal.4th 463, 552; accord, *People v. Sandoval* (2007) 41 Cal.4th 825, 848.) However, he argues that "the trial court based its decision on an erroneous finding that [his] offense was as aggravated as such an offense can get, and it seemed to be punishing him for going from having no criminal record to

---

[3]      All further reference to rules are to the California Rules of Court unless otherwise noted.

what the court described as a 'barbaric act.'"  He argues further that "[a]t best, it appears the trial court conflated the conduct in count 1, which resulted in the life sentence appellant does not contest here, with the far less egregious touching offense in count 2." Defendant also points out that section 288 is already classified as a violent offense within the meaning of the "Three Strikes" law (§§ 667, subd. (d)(1), 667.5, subd. (c)(6)), and "[a]n aggravating circumstance is a fact that makes the offense 'distinctively worse than the ordinary'" (*People v. Black* (2007) 41 Cal.4th 799, 817).

For the reasons set forth below, we disagree that the trial court abused its discretion in selecting the upper term.

## B.  Legal Standard

"On appeal, we presume that a judgment or order of the trial court is correct, '"[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."'"  (*People v. Giordano* (2007) 42 Cal.4th 644, 666.)  In general, trial courts have broad sentencing discretion (*People v. Clancey* (2013) 56 Cal.4th 562, 579; *People v. Scott* (1994) 9 Cal.4th 331, 349), and "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review'" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978; accord, *People v. Lee* (2017) 16 Cal.App.5th 861, 866; *People v. Sperling* (2017) 12 Cal.App.5th 1094, 1103).

"Sentencing courts have wide discretion in weighing aggravating and mitigating factors."  (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1258, quoting *People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.)  "Indeed, a trial court may 'minimize or even entirely disregard mitigating factors without stating its reasons.'"  (*People v. Lai*, *supra*, at p. 1258, quoting *People v. Salazar* (1983) 144 Cal.App.3d 799, 813.)  However, "[a]

4.

fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term." (Rule 4.420(d).)

### C. Analysis

As an initial matter, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott*, *supra*, 9 Cal.4th at p. 356.) Defendant did not object in the trial court to the use of either aggravating factor, and, therefore, his claim is forfeited. (*Ibid.*; accord, *People v. Kidane* (2021) 60 Cal.App.5th 817, 826; *People v. Sperling*, *supra*, 12 Cal.App.5th at pp. 1100–1101.) Nevertheless, forfeiture notwithstanding, his claim also fails on its merits.

With respect to the first factor in aggravation, the victim was asleep in her bed when defendant penetrated her vagina either with his fingers, as she reported to police, or with his penis, as she recalled at trial. Defendant is the victim's uncle and, prior to the crimes, she described their relationship as close and viewed him as a brother. Defendant also resided in the same household with the victim and he assaulted her during the night as she slept in her bed. Under these circumstances, the trial court acted well within its discretion in concluding that "[t]he defendant took advantage of a position of trust or confidence to commit the offense." (Rule 4.421(a)(11).) The court's selection of this aggravating factor is, on its own, sufficient to justify imposition of the upper term.

With respect to the second aggravating factor, the victim testified that the second rape (count 2) occurred in the same manner as the first rape (count 1). She also testified she was afraid of defendant, he was strong, and she felt like she could not breathe when he was on top of her. To the extent the jury relied on the digital penetration the victim described to law enforcement, the victim stated at the time that it was painful.

Under section 288, "*any* touching of an underage child is 'lewd or lascivious' within the meaning of section 288 where it is committed for the purpose of sexual arousal." (*People v. Martinez* (1995) 11 Cal.4th 434, 444–445; accord, *People v.*

5.

*Morales* (2018) 29 Cal.App.5th 471, 478.) Thus, touching in violation of the statute "can occur through the victim's clothing and can involve 'any part' of the victim's body." (*People v. Martinez, supra*, at p. 444; accord, *People v. Morales, supra*, at p. 478.)

As such, we are not persuaded that defendant's act of removing the victim's shorts as she slept and penetrating her vagina with either his penis or his finger while she laid there, afraid and feeling as if she could not breathe due to his body weight, fails to "make[] the offense 'distinctively worse than the ordinary.'" (*People v. Black, supra*, 41 Cal.4th at p. 817.) Furthermore, even if we assumed for the sake of argument that the trial court erred in finding "defendant engaged in violent conduct that indicates a serious danger to society" (Rule 4.421(b)(1)), his claim of prejudicial error is foreclosed by the court's proper reliance on the first aggravating factor (*People v. Hicks* (2017) 17 Cal.App.5th 496, 512–513).

## II.     Presentence Custody Credit

When defendant was sentenced on January 9, 2020, the trial court awarded him 1,156 days of actual presentence custody credit plus an additional 173 days of conduct credit, for a total of 1,329 days of credit. Defendant claims he is entitled to an additional two days of actual presentence custody credit and the People concede the error.

"Presentence and postsentence credit are distinct from one another and governed by 'independent … schemes.'" (*People v. Brown* (2020) 52 Cal.App.5th 899, 902, quoting *People v. Buckhalter* (2001) 26 Cal.4th 20, 30.) Relevant here, "[a] defendant may 'accrue both actual presentence custody credits under … section 2900.5 and conduct credits under … section 4019 for the period of incarceration prior to sentencing.' [Citation.] The calculation of actual credits is performed by simply adding together 'all days of custody' the defendant has served. (§ 2900.5, subd. (a).)" (*People v. Arevalo* (2018) 20 Cal.App.5th 821, 827.) "A defendant is entitled to actual custody credit for 'all days of custody' in county jail and residential treatment facilities, including partial days. [Citations.] Calculation of custody credit begins on the day of arrest and continues

through the day of sentencing." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.)[4]

We concur with the parties that because defendant was arrested on November 8, 2016, and sentenced on January 9, 2020, he is entitled to 1,158 days of actual presentence custody credit rather than the 1,156 days awarded. (§ 2900.5.) A sentence that fails to award legally mandated credits is unauthorized and may be corrected whenever discovered. (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.) Therefore, we shall modify the judgment to award defendant an additional two days of actual presentence custody credit.

## III.    *Dueñas* **Claim**

Finally, defendant was sentenced in 2020, one year after the Court of Appeal issued its decision in *Dueñas*, and he also had a statutory right to object to the $6,300 restitution fine when it was imposed, based on inability to pay. (§ 1202.4, subds. (c), (d).) The People contend defendant forfeited his claim by failing to object. Defendant disagrees.

During sentencing, defense counsel asked the trial court to suspend the fines based on the length of defendant's incarceration. Assuming without deciding that this request was sufficient to preserve the issue now raised on appeal, we reject the claim on the merits.

---

**4**     "[T]he calculation of conduct credits depends on the purpose for which they are being calculated. Under section 4019, a defendant can earn two conduct credits for every two actual credits. (§ 4019, subds. (b), (c), (f); *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358.) But under section 2933.1[, subdivision ](c), a defendant convicted of a violent felony[, as in this case,] 'cannot earn good behavior credits under section 4019 exceeding 15 percent of the actual time of confinement in a local facility "prior to placement in the custody of the Director [of Corrections and Rehabilitation]."' (*People v. Buckhalter*[, *supra*,] 26 Cal.4th [at pp.] 31–32, quoting § 2933.1[, subd. ](c).)" (*People v. Arevalo*, *supra*, 20 Cal.App.5th at p. 827, fn. omitted.) As defendant recognizes, the error in calculating his actual custody credits did not result in any error to the calculation of his conduct credits.

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164, see p. 1167.) We disagree with the holding in *Dueñas* and find the matter need not be remanded for further findings. As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, *supra*, at pp. 1068–1072.) Under that standard, the $6,300 restitution fine imposed in this case is not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment. (*Id.* at p. 1072; accord, *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1057–1058 (*Lowery*).)

Even assuming arguendo that we agreed with *Dueñas*, we would still reject defendant's constitutional claim and find that because defendant has the ability to pay the fine imposed in this case, any error "was harmless beyond a reasonable doubt." (*Chapman v. California* (1967) 386 U.S. 18, 24; accord, *Lowery*, *supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at pp. 1075–1077; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035.) "'"Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]'" (*Aviles*, *supra*, at p. 1076.)

We can infer from the instant record that defendant, who was 27 years old at the time of sentencing and had some employment history, has the ability to pay the restitution fine from probable future wages, including prison wages. (*Lowery*, *supra*, 43 Cal.App.5th at p. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis*

8.

(2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) There is nothing in the record to show that defendant would be unable to satisfy the fine imposed by the court while serving his prison term, even if he fails to obtain a prison job. While it may take defendant some time to pay the amount imposed in this case, that circumstance does not support his inability to make payments on the amount from either prison wages or monetary gifts from family and friends during his prison sentence. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.) Notably, defendant had the opportunity to make a contrary record pursuant to both *Dueñas* and the statute, but did not do so. (*People v. Montes* (2021) 59 Cal.App.5th 1107, 1122 ["'[T]he evaluation of ability to pay must include future ability to pay,' and 'defendant bears the burden of proof on that issue.'"].)

## DISPOSITION

The judgment is modified to reflect an award of 1,158 days of actual presentence custody credit rather than 1,156 days. The trial court shall issue an amended abstract of judgment reflecting this modification and reflecting that the indeterminate term on count 1 was imposed pursuant to section 269, subdivision (b), rather than section 667.61.

Except as modified, the judgment is affirmed.